### WILLIAM SPENCER SOPER V. STATE.

No. 24246. February 9, 1949.
Rehearing Denied March 16, 1949.

H. S. Beard, Waco, for appellant.

Ernest S. Goens, State's Attorney, Austin, for the state.

HAWKINS, Presiding Judge.

It was charged by indictment against appellant that while intoxicated he drove an automobile upon a public road in Coryell County, Texas, and while so driving he by accident and mistake killed L. D. Qualls by driving appellant's automobile into the automobile occupied by said Qualls.

Upon conviction appellant's punishment was assessed at three years in the penitentiary.

The state's evidence amply supports the verdict and judgment. There is no occason to set out the testimony.

Appellant seeks a reversal because the trial court declined to grant a second continuance, or in the alternative, a postponement.

We find in the transcript what is denominated a "second application for continuance." It is not signed by anyone, nor sworn to by anyone. There is also in the transcript what appears to be a copy of the trial court's docket which contains the following entry: "7/13/48. Defendant's Second Motion for Continuance Overruled and Exception Noted." No bill of exception is in the record bringing forward complaint because of the court's action on the second application for continuance.

We copy from p. 211, Sec. 151, 4 Tex. Jur., as follows:

"* * * The refusal of a continuance will not be reviewed where the matter is not presented by a bill of exception.[7] A mere recital in the order overruling the application,[8] or a notation on the application over the signature of the judge,[9] or a notation on the docket, [10] that the appellant excepted to the action

168

of the court in overruling the application will not take the place of a bill of exception. * * *"

The numbers refer to footnotes, 4 Tex. Jur. 211-212, citing cases supporting the quoted text. We call special attention to the last paragraph in the opinion on rehearing in Peart v. State, 98 Tex. Cr. R. 194, 265 S. W. 389, regarding the non-effect of docket entries and the reasons therefor. See also Branch's Tex. P. C., p. 183, and cases there cited; Almendares v. State, 150 Tex. Cr. R. 284, 200 S. W. (2d) 830, and cases cited therein.

The judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that the facts are insufficient to support the conviction.

The record has been again examined in the light of this contention, and we remain convinced that a correct conclusion was reached originally. It would serve no useful purpose to write further.

The motion for rehearing is overruled.

Opinion approved by the Court.